IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Maryland)

| | | |
|---|---|---|
| DIANNE K. VAN ROSSUM | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.:  JKB-14-CV-0115 |
| BALTIMORE COUNTY, MARYLAND | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR UNTIMELY FILING

Baltimore County Maryland, Defendant, by undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss.

### INTRODUCTION

Dianne K. Van Rossum (Plaintiff) has brought this action alleging violations of the Americans with Disabilities Act (ADA) and the parallel provisions of the Rehabilitation Act based on "disability discrimination".

### STATEMENT OF FACTS

On April 19, 2013, Plaintiff received her Right-to-Sue letter from the EEOC. (Attached hereto as Ex. 1) Included with the EEOC's right-to-sue letter, is an information sheet, advising the Plaintiff that she had 90 days from the receipt of the notice to file suit. On January 15, 2014, 271 days after the Right-to-Sue letter was mailed, the Plaintiff brought this action alleging violations of the ADA and provisions of the Rehabilitation Act.

Despite this notification, the Plaintiff failed to file her lawsuit within 90 days, and therefore her lawsuit should be dismissed.

## LAW OF MOTION TO DISMISS

When ruling on a Motion to Dismiss, "a judge must accept as true all of the factual allegations contained in the Complaint." *Rickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007) (*per curiam*) (citations omitted.)  The Complaint "need only give the Defendant fair notice of what the claim is and the grounds upon which it rests."  *Id*. at 93, 127 S. Ct. 2197 (alteration and internal quotation marks omitted).  However, to survive a Motion to Dismiss, the Complaint must "state [a] plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009).  While a Plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a Motion to Dismiss, see *Swierkiewicz v. Soreman* N.A., 534 U.S. 506, 510-515, 122 S. Ct. 992 (2002), "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007);  see *Coleman v. Maryland Court of Appeals*, 626 F.3d 186, 193, (4th Cir. 2009); *see* also *Francis v. Gracomelli*, 588 F.3d 186, 193 (4th Cir. 2009)

## PLAINTIFF'S COMPLAINT WAS NOT TIMELY

The petition should be dismissed because it is untimely.  42 U.S.C. § 2000e-5(f)(1) provides:

> If a charge filed with the Commission pursuant to subsection (b) of this section, is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government,

>governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge.

A plaintiff alleging claims of employment discrimination under Title VII and the ADA must file suit within 90 days of the receipt of a right to sue letter from the EEOC. *See Harvey v. City of New Bern Police Dept.,* 813 F.3d 652, 654 (4th Cir. 1987); *see also* 42 U.S.C. § 200e-16(c); 29 U.S.C. § 626(e). This ninety-day time period has been strictly construed and, absent waiver, estoppel, or equitable tolling, a lawsuit filed in excess of the ninety-day period will be dismissed. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 392–93, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)).

When the date that a plaintiff received actual notice of his or her right to sue is disputed or unknown, Federal Rule of Civil Procedure 6(d) creates the presumption that notice was received three days after it was mailed. *Nguyen v. Inova Alexandria Hosp.,* No. 98–2215, 1999 WL 556446, at *3 (4th Cir. July 30, 1999) (unpublished) (finding that when the date on which the right-to-sue letter was actually delivered is in dispute, the letter is presumed to have been delivered three days after it was mailed). In this case, the EEOC mailed the right-to-sue letter to Van Rossum on April 19, 2013. (Ex. 1) Applying the three-day rule, the ninety-day limitations period was triggered on April 22, 2013. Thus, Van Rossum's last day to bring her Title VII and ADEA claims was July 21, 2013. Because Van Rossum did not file her Complaint until January 15, 2014, her claims for disability discrimination are untimely and should be dismissed with prejudice.

## **CONCLUSION**

For the above reasons, Baltimore County respectfully requests the Court to grant its Motion to Dismiss and to enter judgment in its favor.

Respectfully submitted,

MICHAEL E. FIELD
County Attorney

_____/s/_____
JAMES S. RUCKLE JR.
Assistant County Attorney
400 Washington Avenue, 2nd Floor
Towson, Maryland  21204
Telephone:  (410) 887-4420
Fax:  (410) 296-0931
E-mail:  jruckle@baltimorecountymd.gov