IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

DIANNE K. VAN ROSSUM,

    Plaintiff,

v.

BALTIMORE COUNTY, MARYLAND,

    Defendant.

Case No.: GJH-14-0115

## MEMORANDUM OPINION

Diane K. Van Rossum ("Plaintiff") filed suit against her former employer, Baltimore County, Maryland (the "County" or "Defendant"), claiming that the Defendant, through its agents, violated provisions of the Americans with Disabilities Act ("ADA") of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* Following a jury trial and judgment in favor of the Plaintiff on all counts, the Defendant now submits a Motion for Judgment as a Matter of Law, or, in the Alternative, Motion for a New Trial. *See* ECF No. 134. The issues have been briefed, ECF No. 134-1, ECF No. 143, ECF No. 144, and no hearing is required. *See* Loc. R. 105.6 (D. Md. 2016). For reasons explained below, Defendant's motion will be denied.

**I.    BACKGROUND**

Following a jury trial held from January 23, 2017 through January 30, 2017, the jury returned a verdict in favor of the Plaintiff's claim that the Defendant violated provisions of the ADA regarding physical symptoms she suffered from while working in her assigned workspace.[1] *See* ECF No. 126. Specifically, the jury found that 1) Defendant failed to provide Plaintiff with a

---

[1] A full discussion of the underlying facts of this case can be found in Judge Bredar's Memorandum Opinion resolving Defendant's Motion for Summary Judgment. ECF No. 62.

1

reasonable accommodation under the ADA, 2) Defendant discriminated against Plaintiff because of her disability, and 3) Defendant retaliated against Plaintiff because of her protected activity of seeking accommodation. *Id.* The jury awarded the Plaintiff $250,000 in compensatory damages and $530,053 in economic damages. *Id.* Pursuant to Federal Rule of Civil Procedure 50(a)(2), the Defendant moved for Judgment as a Matter of Law at the close of Plaintiff's case. The Court denied the motion on the record. *See* ECF No. 141 25:1–5, ECF No. 141 36:9–12.

## II. STANDARD OF REVIEW

The Defendant renews its Rule 50(a)(2) motion pursuant to Rule 50(b), or in the alternative, moves for a new trial pursuant to Rule 59. "In ruling on a motion for judgment as a matter of law, the court is to inquire whether there is any 'legally sufficient evidentiary basis for a reasonable jury to find for' the opponent of the motion." *Weisgram v. Marley Co.*, 528 U.S. 440, 453 (2000) (quoting Fed. R. Civ. P. 50(a)(1)). In doing so, the Court is to "assume that testimony in favor of the non-moving party is credible, 'unless totally incredible on its face,' and ignore the substantive weight of any evidence supporting the moving party." *Cline v. Wal-Mart Stores, Inc.*, 144 F. 3d 294, 301 (4th Cir. 1998) (internal citation omitted).

If a party makes a motion for judgment as a matter of law before the case is submitted to the jury, and the court does not grant the motion, the court is "considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion," and the moving party may file a renewed motion within 28 days after the entry of judgment. *See* Fed. R. Civ. P. 50(b). In ruling on the Defendant's renewed motion, this Court may "(1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." *Id.* Alternatively, this Court may grant a motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a) if "(1) the verdict is against the clear weight of

2

the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Cline,* 144 F.3d at 301.

## III. DISCUSSION

The Defendant claims that the "pretrial rulings by the Court, trial rulings, evidence, jury instructions and answers to questions on the verdict sheet led to a verdict unsupported by law and evidence." *See* ECF No. 134-1 at 6.[2] Specifically, the Defendant asserts that the evidence does not support the jury's determination that 1) the Plaintiff can both receive an award of Social Security Disability Insurance ("SSDI") from the Social Security Administration ("SSA") and make a successful claim against the Defendant under the ADA, 2) the Defendant took an adverse employment action against the Plaintiff, and 3) the Plaintiff was entitled to economic and compensatory damages. Each of these assertions is addressed in turn.

### A. SSDI Award

To bring a claim against an employer for failure to make a reasonable accommodation for a disability under the ADA, Plaintiff must be a "qualified individual." *See* 42 U.S.C. § 12112(b)(5)(A). The ADA defines qualified individual as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." § 12111(8). The Defendant asserts that the Plaintiff was not a qualified individual that could work with a reasonable accommodation because when applying for SSDI benefits, she indicated that she was too disabled to work. *See* ECF No. 134-1 at 9–10.

As previously described by Judge Bredar, the Supreme Court, in *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 797–798 (1999) "provided clear guidance with

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

3

respect to the SSDI/ADA scenario." ECF No. 62 at 7. Judge Bredar summarized that guidance, noting:

> As the Court explained, "when the [SSA] determines whether an individual is disabled for SSDI purposes, it does *not* take the possibility of 'reasonable accommodation' into account, nor need an applicant refer to the possibility of reasonable accommodation when she applies for SSDI." Nevertheless, the Court recognized that, in some cases, a prior SSDI claim may genuinely conflict with an ADA claim; accordingly, the Court held that "an ADA plaintiff cannot simply ignore the apparent contradiction that arises out of the earlier SSDI total disability claim" but must instead "proffer a sufficient explanation" from which a reasonable juror could conclude that—assuming the truth of, or the plaintiff's good-faith belief in, the earlier statement—the plaintiff could have performed her essential duties with or without a reasonable accommodation.

ECF No. 62 at 7–8 (quoting *Cleveland*, 526 U.S. at 803, 805–07) (emphasis in original).[3]

The jury's verdict indicated that, in their view, the Plaintiff did in fact 'proffer a sufficient explanation' to this apparent contradiction. Therefore, this Court must determine if that verdict is supported by the evidence presented at trial. It is. At trial, the Plaintiff testified that she was unable to work as of March 26, 2010—her last day of work before she was forced to return to the fourth floor (*i.e.*, when the Defendant denied her reasonable accommodation). *See* ECF No. 140 121:1–3. Furthermore, the Plaintiff provided evidence that she was performing the essential functions of her job when given a reasonable accommodation and that her health deteriorated once the accommodation was removed. *See generally* ECF No. 143 at 12–14. The Defendant does not suggest that this evidence is false; rather, the Defendant argues that simply because the Plaintiff is unable to work for purposes of SSDI, she is barred from bringing a claim under the ADA. *See* ECF No. 144 at 10 ("[t]he Plaintiff's sworn assertion in her SSDI application that she is 'unable to work' would appear to negate an essential element of her ADA [claim]"). Under the Defendant's logic, any plaintiff securing SSDI benefits would be ineligible

---

[3] Contrary to Defendant's assertion that Judge Bredar's Summary Judgment Order, ECF No. 62, is not relevant to Defendant's motion herein, *see* ECF No. 144 at 7, the Order established the legal standards underpinning the questions of fact presented to the jury and is most certainly relevant now.

4

to bring a claim under the ADA, an argument that clearly contravenes the Supreme Court's holding in *Cleveland* and will therefore be rejected here.

The Defendant also alleges that the Court erroneously excluded two SSA disability determinations from April 2, 2013 and March 21, 2013 that relied on a September 2010 Social Security Adult Function Report ("AFR") which proves the Plaintiff was unable to perform any past relevant work. *See* ECF Nos. 134-6, 134-7. But even if these two exhibits are relevant and probative, as the Defendant suggests, the Defendant does not explain why exclusion of the exhibits warrants a judgment as a matter of law or new trial. For the same reason that Plaintiff's application for SSDI does not prohibit the finding of an ADA violation, Plaintiff's statements in these reports, which do not consider the possibility of reasonable accommodation, would not necessitate a finding of an ADA violation.[4]

Finally, the Defendant argues that the Court's jury instruction and verdict form were inadequate in that they did not specify or require a special verdict indicating that "the Plaintiff bore the responsibility to provide [a sufficient explanation]" of the contradiction between obtaining SSDI benefits and her alleged status as a qualified individual under the ADA. *See* ECF No. 134-1 at 10–11. But again, the Defendant fails to explain how this Court's purportedly inadequate jury instruction and special verdict form necessitates a judgment as a matter of law or new trial. Following the Supreme Court's holding in *Cleveland* and the Modern Federal Jury Instruction, Sand et al., *Modern Federal Jury Instructions*, § 88A-14, the jury was instructed that it "may consider the Plaintiff's statements in the SSDI filing concerning her condition in determining whether she was a qualified individual . . . . [a]nd may but are not required to infer that the Plaintiff was not a qualified individual on the basis of the statements in that filing." *See*

---

[4] In addition, when considering a motion for judgment as a matter of law, the Court must "ignore the substantive weight of any evidence supporting the moving party," *see Cline*, 144 F. 3d at 301, so the potential effect of these exhibits on the jury's finding is irrelevant for the purposes of this motion.

5

ECF No. 141 104:6–11. A new trial is therefore not warranted on this basis. *See also Horne v. Owens–Corning Fiberglas Corp.*, 4 F.3d 276, 284 (4th Cir. 1993) (the formulation of verdict forms and jury charges is committed to the sound discretion of the trial judge so long as they adequately inform the jury of the issues before it).

### B. Adverse Employment Action

Counts 2 and 3 of Plaintiff's complaint—discrimination and retaliation, respectively—both require the Plaintiff to show that the Defendant took an adverse employment action against her. As explained by the Defendant, "[t]ypically, an adverse employment action has been found in cases of 'discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion.'" *See* ECF No. 134-1 at 14 (citing *Boone v. Goldin*, 178 F. 3d 253, 255 (4th Cir. 1999)). However, in the context of a retaliation claim, "the level of 'injury or harm' that must result from any retaliatory action is that which would cause a 'reasonable employee' to find 'the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Smith v. Board of Education of Prince George's County*, GJH-16-206, 2016 WL 4014563 at *3 (D. Md. July 26, 2016) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). The Defendant incorrectly states that the Plaintiff "offered no evidence of any promotional opportunity which she was denied as a result of the reassignment" and "there is no evidence that the County made working conditions so intolerable that a reasonable person would have resigned." *See* ECF No. 144 at 14. The Plaintiff presented testimony at trial that her reassignment to field inspector duty caused her to forego a potential promotion to Sanitarian III, *see* ECF No. 140 88:15–89:6, and the Defendant constructively discharged her by threating to terminate her if she did not return to her fourth floor workspace.

*See* ECF No. 140 91:21–92:7; *see also* ECF No. 139 12:19–21 (suggesting that the Plaintiff's co-worker would also be unable to return to the fourth floor for fear of experiencing similar health problems). Collectively, this testimony provided the jury with a legally sufficient evidentiary basis to determine that the Defendant took an adverse employment action sufficient to establish both her discrimination and retaliation claims.

### C. Damages[5]

The Defendant argues that the Plaintiff failed to provide evidence that she made a diligent effort to find comparable employment after her retirement in April 2010 and therefore failed to mitigate any damages caused by the Defendant. *See* ECF No. 134-1 at 11. At the outset, the Defendant has the burden to demonstrate that the Plaintiff failed to mitigate her damages. *See Miller v. AT & T Corp.*, 250 F.3d 820, 838 (4th Cir. 2001). The Defendant claims it satisfied this burden because the Plaintiff testified that she was too sick to look for work immediately after retirement. *See* ECF No. 144 at 15 (citing ECF No. 140 123:17–124:12). But the Plaintiff also testified that following retirement she maintained her accreditation as a Sanitarian, *see* ECF No. 140 94:3–9, and that no comparable employment was available based on her age and specialty. *See id.* 124:2–12. Such testimony provides ample ground for a jury to find that the Defendant failed to meet its burden on mitigation of damages. The Defendant also argues that the Plaintiff's award of retirement benefits, under the County's Deferred Retirement Option Program ("DROP"), is erroneous because the Plaintiff had no intention or ability to work an additional five years after retirement. But as discussed above, the Plaintiff presented sufficient evidence to

---

[5] The Defendant's Rule 50(a)(2) motion for judgment as a matter of law during trial was specific to the merits of the Plaintiff's three ADA claims. The Defendant did not make a similar motion for the calculation and award of damages. As such, the Defendant's renewed 50(b) motion herein is procedurally barred, and this Court considers it to be a motion for a new trial under Rule 59 only. *See U.S. ex rel. Herndon v. Appalachian Reg'l Cmty. Head Start, Inc.*, 674 F. Supp. 2d 773, 777 (W.D. Va. 2009) (citing *Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137–38 (4th Cir.1987)) ("A party who neglects to raise an issue in a pre-verdict Rule 50(a) motion waives the opportunity to include that issue in a post-verdict motion."). The Plaintiff raised this point when briefing this motion, *see* ECF No. 143 at 9, but the Defendant failed to address it on reply.

establish that she could have worked after her retirement date had the Defendant provided her with a reasonable accommodation.

Finally, the Defendant argues the record does not support an award of compensatory damages because the "Plaintiff claims to be depressed, but she is not being treated for depression." *See* ECF No. 134-1 at 13. Under the ADA, compensatory damages are available for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." 42 U.S.C. § 1981a(b)(3). The Defendant cites no law requiring the Plaintiff to incur clinical treatment for depression in order to receive compensatory damages, and testimony at trial described in detail the Plaintiff's suffering and mental anguish prior to, and following, her retirement. *See e.g.*, ECF No. 140 91:12–20 and 92:9–12. Other than the Defendant's belief that the Plaintiff is not entitled to *any* compensatory damages, the Defendant fails to show why the jury's award of $250,000, which is within the statutory cap, shocks the conscience. *See Fox v. Gen. Motors Corp.*, 247 F.3d 169, 180 (4th Cir. 2001) ("A jury's award of damages stands unless it is grossly excessive or shocking to the conscience.").

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment as a Matter of Law, or, in the Alternative, Motion for a New Trial, ECF No. 134, shall be denied. A separate Order follows.

Dated: September 11, 2017

GEORGE J. HAZEL
United States District Judge

8