**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

| | |
|---|---|
| DIANNE K. VAN ROSSUM, | * |
| Plaintiff, | Case No.: GJH-14-0115 |
| v. | * |
| BALTIMORE COUNTY, MARYLAND, | * |
| Defendant. | * |

**MEMORANDUM OPINION**

Diane K. Van Rossum ("Plaintiff") filed suit against her former employer, Baltimore County, Maryland (the "County" or "Defendant"), claiming that the Defendant, through its agents, violated provisions of the Americans with Disabilities Act ("ADA") of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. Following a jury trial and judgment in favor of the Plaintiff on all counts, Plaintiff moves for attorneys' fees, expenses, and costs. *See* ECF No. 130. The issues have been briefed, ECF Nos. 130-1, 147, 151, and no hearing is required. *See* Loc. R. 105.6 (D. Md. 2016). For reasons explained below, Plaintiff's motion will be granted.

**I.    BACKGROUND**

Plaintiff brought her ADA Complaint against Defendant in January of 2014. ECF No. 1. Following a jury trial held from January 23, 2017 through January 30, 2017, the jury returned a verdict in favor of the Plaintiff and found that the Defendant violated provisions of the ADA concerning physical ailments Plaintiff suffered from while working in her assigned workspace in

early 2010.[1] *See* ECF No. 126. The jury found that 1) Defendant failed to provide Plaintiff with a reasonable accommodation under the ADA, 2) Defendant discriminated against Plaintiff because of her disability, and 3) Defendant retaliated against Plaintiff because of her protected activity of seeking accommodation. *Id.* The jury awarded Plaintiff $250,000 in compensatory damages and $530,053 in economic damages. *Id.* This verdict provided Plaintiff with the full amount of back pay requested and nearly the maximum amount of non-economic damages permitted by law. *See* 42 U.S.C. § 1981a(b)(3). Between filing the initial Complaint and return of the jury's verdict, the parties briefed a number of issues for the Court. *See, e.g.,* ECF No. 27 (order granting Defendant's motion for voluntary dismissal of motion to dismiss) and ECF No. 63 (order denying Defendant's motion for summary judgment).[2]

## II. STANDARD OF REVIEW

Under section 505 of the ADA, "[i]n any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee. . . ." 42 U.S.C. § 12205. Plaintiff obtained a favorable judgment on all counts, ECF No. 129, and Defendant does not contest Plaintiff's entitlement to recovery of a reasonable attorney's fee, ECF No. 147 at 11.[3] The amount of the fee to be awarded is a fact-bound inquiry, and the trial court has broad discretion in deciding what fees and costs are appropriate. *See Hensley v. Eckerhardt*, 461 U.S. 424, 433

---

[1] A full discussion of the underlying facts of this case can be found in Judge Bredar's Memorandum Opinion resolving Defendant's Motion for Summary Judgment. ECF No. 62.

[2] Subsequent to Plaintiff's filing of the instant motion, the Court denied Defendant's Motion for Judgment as a Matter of Law, or in the alternative, Motion for a New Trial. ECF No. 149. Plaintiff's fees and costs incurred in response to Defendant's motion are not requested, nor considered, herein.

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

(1983). A plaintiff entitled to attorneys' fees under civil-rights fee provisions are also entitled to recover reasonable litigation expenses. *Daly v. Hill*, 790 F.2d 1071, 1084 (4th Cir. 1986).

The most useful starting point for establishing the proper amount of an award is the "lodestar," or "the number of hours reasonably expended, multiplied by a reasonable hourly rate." *Id.*; *see also Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994). The court must adjust the number of hours to delete duplicative or unrelated hours, and the number of hours must be reasonable and represent the product of "billing judgment." *Rum Creek*, 31 F.3d. at 175 (citing *Hensley*, 461 U.S. at 437). "When the plaintiff prevails on only some of the claims, the number of hours may be adjusted downward; but where full relief is obtained, the plaintiff's attorney should receive a fully compensatory fee and in cases of exceptional success, even an enhancement." *Id*. at 174–75 (internal citations omitted).

In assessing the overall reasonableness of the lodestar, the court may also consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) ("the *Johnson* factors"), specifically: (1) the time and labor required; (2) the novelty and difficulty of the questions raised; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship between the attorney and the client; and (12) attorney's fee awards in similar cases. *See Rum Creek*, 31 F.3d at 175.

These factors, however, "usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate, [i.e., the lodestar]." *Randle v. H & P Capital,*

*Inc.*, 513 Fed. Appx. 282, 283–84 (4th Cir. 2013) (quoting *Hensley*, 461 U.S. at 434 n.9). The court is to consider all twelve factors, but "need not robotically list each factor or comment on those factors that do not apply." *Dodeka, L.L.C. v. AmrolDavis*, No. 7:10-CV-17-D, 2010 WL 3239117, at *2 (E.D. N.C. Aug. 16, 2010). However, the fee applicant bears the burden of properly documenting the hours reasonably expended. *Hensley*, 461 U.S. at 437.

**III.    DISCUSSION**

Plaintiff was represented by attorneys from Kirkland & Ellis LLP and the Washington Lawyers' Committee for Civil Rights and Urban Affairs. Plaintiff seeks 1,726.10 hours of attorney and paralegal time at rates commensurate with each biller's years of experience as published in Appendix B to the Local Rules. *See* ECF No. 130-1 at 9 (providing a tabulation of hours for each phase of litigation) and 11 (providing the rate sought for each individual biller); *see also* ECF No. 130-2 (providing detailed time entries and proof of expenses for Kirkland & Ellis LLP); ECF No. 130-3 (providing detailed time entries and proof of expenses for Washington Lawyers' Committee). Plaintiff documented the hours expended by each individual for each phase of litigation as required by Appendix B.1(b)(1)–(x). Specifically, Plaintiff reported the hours under the following litigation phases: Case Development; Pleadings; Written Discovery; Motions Practice; Attending Court Hearings; Trial Preparation; Attending Trial; ADR; and Fee Petition. Plaintiff alleges that the hours, and associated rates, were reasonably expended and result in a lodestar calculation of $487,616.25 in attorneys' fees and $32,472.30 in non-taxable litigation expenses. ECF No. 130-1 at 6; *see also* ECF Nos. 130-1 and 130-2 (providing declarations from lead counsel that the hours and rates charged were reasonably expended).

4

As an initial matter, Defendant does not object to the billing rates sought or litigation expenses incurred. Indeed, rates published in Appendix B are presumptively reasonable, *see Life Techs. Corp. v. Life Techs. Corp.*, No. RWT-10-3527, 2012 WL 4748080, at *2 (D. Md. Oct. 2, 2012), and Plaintiff set forth an itemized list of costs for reimbursable expenses as described in Appendix B.4. Therefore, the Court must only determine if the amount of hours incurred was reasonable. Two of the *Johnson* factors are particularly instructive.

First, the time and labor required was reasonable. The litigation was complex, involving lengthy discovery, assessment of Plaintiff's medical conditions by a number of experts, and evaluation of a convoluted administrative record encompassing a series of requests for accommodation made to Defendant and disability determinations made by the Social Security Administration. A review of the time records provided by Plaintiff do not indicate that the individual billers charged time for administrative tasks or for excessive, redundant, or otherwise unnecessary tasks that they could not charge to a paying client. *See Hensley*, 461 U.S. at 434 ("[h]ours that are not properly billed to one's client also are not properly billed to one's adversary").[4] Moreover, during the course of litigation, Plaintiff has not raised frivolous arguments or needlessly extended the length of its briefs to re-litigate previously-resolved issues. *See Perry v. Bartlet*, 231 F.3d 155, 164 (4th Cir. 2000) (upholding denial of fees for hours spent briefing a motion when the brief re-litigated an issue already substantially briefed).

Second, Plaintiff obtained a substantial judgment and complete relief on her claims. *See Ford v. Rigidply Rafters, Inc.* 999 F. Supp. 647, 651 (D. Md. 1998) (quoting *Hensley*, 481 U.S. at 436) ("The Supreme Court has characterized the degree of success obtained as 'the most critical factor' in determining the reasonableness of an award of attorney's fees."). As noted by Plaintiff,

---

[4] In fact, as Plaintiff's counsel points out, Plaintiff is not seeking recovery of approximately 780 hours of productive work in an "exercise of reasonable billing judgment." ECF No. 130-2 ¶¶ 19, 20.

and uncontested by Defendant, Plaintiff's award appears to be the tenth largest civil jury verdict in this Court in the last five years. ECF No. 130-1 at 9 n.1. While it may be unreasonable for a plaintiff to recover fees expended in pursuit of unsuccessful claims, the Court has no basis to find that Plaintiff could have obtained such a favorable verdict in a more efficient manner.

Defendant maintains that Plaintiff is not entitled to the requested fees because Plaintiff's counsel "over lawyered" the case and provided over-generalized billing entries. ECF No. 147 at 7. Defendant's arguments are not persuasive. Defendant alleges that the number of hours is not reasonable because Plaintiff did not employ counsel with ADA experience. But specialized experience is reflected in counsel's hourly rate, *see Day v. Hill*, 790 F.2d 1071, 1078 (4th Cir. 1986) (citing *Blum v. Stenson*, 104 S. Ct. 1541, 1549 (1984)), and Plaintiff's counsel, while having substantial complex litigation experience, applied rates which reflect, on average, an approximate 60% reduction from their advertised firm rates. *See* ECF No. 130-1 at 19.

Defendant also objects to Plaintiff's use of "block billing" or lumping of tasks together within the same time entry. Defendant incorrectly states that block billing runs afoul of the Local Rules, which require "a detailed description of the work performed broken down by hour or fractions therefore expended on each task." ECF No. 147 at 6 (citing Loc. R. 109.2b (D. Md. 2016)). Plaintiff's counsel have recorded the individual tasks performed by each attorney on a given day and reported the daily time charged by that attorney for each of the ten litigation phases specified in Appendix B. This approach comports with the Local Rules and is acceptable. Block billing would only be inappropriate if one or more tasks performed by an individual attorney was not recoverable such that the Court could not discern the actual time charged for recoverable tasks. *See JP ex rel. Peterson v. County School Bd. of Hanover County, Va.*, 641 F. Supp. 2d 499, 519–520 (E.D. Va. 2009) ("The lack of specificity in the [Plaintiffs'] time

records render it impossible to determine the amount of time attributed to non-recoverable activities or the appropriate rate at which the Plaintiffs may recover for any given activity.").

Defendant alleges that Plaintiff includes a number of unexplained charges because the hours reported in Plaintiff's brief, ECF No. 130-1 at 14, do not match the detailed time entries provided by Kirkland & Ellis, ECF No. 130-2 at 25. However, Defendant fails to recognize that the hours reported in Plaintiff's brief include the summation of hours expended by both Kirkland & Ellis attorneys, ECF No. 130-2, *and* Washington Lawyers' Committee attorneys, ECF No. 130-3. The time entries of both firms, collectively, match that reported in Plaintiff's brief, and there are no unexplained charges.

Based on its generalized objections, Defendant suggests that the Court reduce Plaintiff's fee award to $201,674.56. Defendant does not suggest which time entries should be decreased or explain the degree to which any of the litigation phases are purportedly inflated. Rather, Defendant simply requests the Court to apply the same fee request made in a separate ADA verdict against the County in this Court. *See* ECF No. 147-1 (providing a copy of Motion for Attorneys' Fees and Costs, *Larry Bingman v. Baltimore County*, No. MJG-13-02678 (D. Md. Feb. 1, 2017), ECF No. 118). According to Defendant, plaintiff's counsel in the *Bingman* matter billed fewer hours in advance of a four-day jury trial, and their fee award should serve as a cap for Plaintiff's award, which only required a two-day jury trial. ECF No. 147 at 12–13. Defendant's analogy is overly-simplistic and serves to undercut its argument. While Bingman's counsel requested a purportedly reasonable fee of approximately half of that requested herein, Bingman also received a judgment half the size. ECF No. 147-1 ¶ 2.[5] Moreover, Bingman's

---

[5] Plaintiff's ratio of requested attorneys' fees to judgment amount is also less than another ADA award against the County. *See Blake v. Balt. Cty., Md.*, 12 F. Supp. 3d 771, 773, 780 (D. Md. 2012) (awarding $494,423 in attorneys' fees on an approximate $225,000 damages award).

counsel recorded its time in a block billing format nearly identical to that used by Plaintiff's counsel. *See* Exhibit A, Spreadsheet of Fees, *Bingman*, ECF No. 118-3.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees and Expenses, ECF No. 130, shall be granted. A separate Order follows.

Dated: September 26, 2017 /s/
GEORGE J. HAZEL
United States District Judge